

**CHIESA SHAHINIAN & GIANTOMASI PC**

11 TIMES SQUARE, 34TH FLOOR
NEW YORK, NY 10036

csglaw.com

**EMIL BOVE**
ebove@csglaw.com
(O) 212.324.7265

August 2, 2022

<u>Via ECF and Email</u>
The Honorable John P. Cronan
U.S. District Court Judge
Southern District of New York

Re:   <u>**United States v. Alexandre, No. 22 Cr. 326 (JPC)**</u>

Dear Judge Cronan:

In advance of the August 3, 2022 status conference in this case, Defendant Eddy Alexandre respectfully submits this letter regarding the potential conflict of interest, disclosed by counsel at the initial conference, arising from the fact that third parties are paying Mr. Alexandre's legal fees. For the reasons set forth below, Mr. Alexandre respectfully submits that there is no actual conflict and any potential conflict is waivable following a *Curcio* hearing that tracks the proposed allocution set forth in Exhibit A. The government agrees that the potential conflict is waivable following a *Curcio* inquiry that addresses the substance of Exhibit A.

## Background

On May 12, 2022, the government arrested Mr. Alexandre based on charges in a criminal complaint. *See* Dkt. 1. On the same day, the CFTC unsealed a related civil action and *ex parte* statutory restraining order in *CFTC v. Alexandre, et ano.*, No. 22 Civ. 3822 (VEC). As Mr. Alexandre explained in connection with bail proceedings, and the government did not dispute, the CFTC's restraining order had the effect of freezing Mr. Alexandre's assets. *See, e.g.*, Dkt. 7 at 5.

On June 9, 2022, the government obtained an Indictment charging Mr. Alexandre. *See* Dkt. 15. At an arraignment and initial conference on June 14, 2022, pursuant to Paragraph 4(A) of Your Honor's Individual Rules and Practices in Criminal Cases, Mr. Alexandre disclosed that third parties are paying his legal fees. The third parties at issue are friends and family of Mr. Alexandre, including people who worked for and/or were members of EminiFX.

On June 15, 2022, Judge Caproni entered a preliminary injunction, on consent, with asset-freezing provisions similar to those in the CFTC's restraining order.[1]

---

[1] The preliminary injunction contains provisions relating to attorneys' fees and asset-related modifications that Mr. Alexandre has not yet invoked. *See* Dkt. 56 ¶¶ 4-46, 60, *Alexandre, et ano.*, No. 22 Civ. 3822 (S.D.N.Y. June 15, 2022). He reserves the right to seek relief before Judge Caproni and Your Honor based on, *inter alia*, his Sixth Amendment right to choice of counsel.

4864-0660-6891.v2

Hon. John P. Cronan
August 2, 2022

## Applicable Law

"Potential conflicts exist if the interests of the defendant may place the attorney under inconsistent duties at some time in the future . . . ." *Ventry v. United States*, 539 F.3d 102, 111 (2d Cir. 2008) (cleaned up). For example, a potential conflict can arise when an attorney is paid by someone other than the attorney's client. *See, e.g.*, *United States v. Locascio*, 6 F.3d 924, 932 (2d Cir. 1993). If the defendant "can rationally opt to retain counsel of his choice despite a [potential] conflict, the court conduct[s] a *Curcio* hearing to determine whether the defendant knowingly and intelligently waives his right to conflict-free representation." *United States v. Perez*, 325 F.3d 115, 125 (2d Cir. 2003).

## Discussion

Mr. Alexandre acknowledges and understands that the payment of his legal fees by friends and family while his assets are restrained pursuant to the preliminary injunction could, theoretically, give rise to a conflict of interest for current counsel. While the likelihood of an actual conflict arising under the circumstances presented here are *de minimis*, he has no objection to making a knowing and voluntary waiver during a *Curcio* hearing as required by the Court's rules. Accordingly, enclosed please find a proposed examination of Mr. Alexandre, which is based on Judge Crotty's *Curcio* inquiry in *United States v. Flores*, No. 15 Cr. 765, where a third party paid the defendants' legal fees.

Respectfully submitted,

/s/ Emil Bove
Emil Bove
Melissa Wernick
Chiesa Shahinian & Giantomasi PC
11 Times Square, 34th Floor
New York, NY 10036
(212) 324 7265
ebove@csglaw.com

*Attorneys for Eddy Alexandre*

Enclosure

Cc:   Counsel of Record
      (Via ECF)

**Exhibit A.  Proposed *Curcio* Examination of Eddy Alexandre**

I. <u>Competency Questions</u>

- *The parties respectfully request that the Court conduct an inquiry at the outset of the* Curcio *proceeding to establish Mr. Alexandre's competency.*

II. <u>Circumstances of Representation</u>

- Are you currently represented by Emil Bove, Melissa Wernick, and Brittany Manna of the law firm CSG Law?  I'm going to refer to those lawyers and their firm as your "Current Counsel."

- Approximately how long has your Current Counsel represented you?

- Have you been satisfied with your Current Counsel's representation to date?

- Do you wish to continue to be represented by your Current Counsel?

- Have you personally paid your Current Counsel for their services in this case?

- Do you know if anyone else has paid your Current Counsel for their services in representing you?

- What is your understanding of that arrangement?

III. <u>Right to Conflict-Free Representation</u>

- Do you understand that in every criminal case, including this one, the defendant is entitled to be represented by an attorney whose loyalty to him is undivided, and who is not subject to any force or consideration that might in any way intrude upon the attorney's loyalty to his client's interests?

- Is your choice to be represented by your Current Counsel a choice you have made freely and voluntarily, without any promises, threats, or inducements being made or offered to you?

- Do you understand that whenever someone other than the defendant is paying lawyers who are representing that defendant, it is possible that whoever is paying may have interests different than the defendant's interests, and the lawyers' judgment may be influenced by the wishes of whoever is paying their bills, or what the lawyers think are the wishes of whoever is paying their bills, rather than the wishes of the defendant?

1

- For example, it is possible that people who invested money in EminiFX and people who worked at EminiFX may have interests that are different than yours, such as with respect to what motions you should file, what arguments you should make, and whether you should plead guilty or go to trial?

- So it is possible, in this case, that your Current Counsel may be influenced in the advice they give you and in the way they defend you by what they are told are the wishes of, or what they think are the wishes of, the people who are paying their bills. Those wishes may be different from yours. Do you understand that?

- Do you understand that this situation—that is, having your Current Counsel paid by someone other than you—creates a risk to you that your lawyers may not be acting solely in your interests?

IV. <u>Defendant's Understanding of the Conflict</u>

- Do you understand that you have the right to object to continued representation by your Current Counsel based on the existence of a potential conflict of interest?

- It is important that you understand that no one, including the Court, can predict with any certainty the course that this case will take and that no one, including the Court, can foresee all the ways in which you may be disadvantaged by proceeding with your Current Counsel.  Do you understand that?

- Do you understand that it is the view of this Court that there are risks in proceeding with an attorney who has a potential conflict of interest of this kind?

- Do you agree that if the Court permits you to proceed with your Current Counsel, in the event you are convicted, you will not be permitted to make any argument, on appeal or otherwise, based on the representation by your Current Counsel and the potential conflict we have discussed?  Do you agree to waive, and give up, any argument of that kind?

- To make sure you have understood what we have been discussing, please describe in your own words your understanding of the conflict or conflicts of interest that may arise in this case.

- Do you understand that you have a right to consult with a lawyer other than your Current Counsel to determine whether you want them to continue representing you, and that the Court will give you an opportunity to do so?

2

4864-0660-6891.v2

- Do you understand that, if you cannot afford other counsel, the Court will appoint counsel to consult with you about this conflict-of-interest issue and/or to represent you?

- Do you understand that the Court encourages you to consult with another lawyer about this conflict-of-interest issue?

- Is there anything that you wish to have explained further?

- The Court will give you an opportunity to think about what you have been told, whether or not you would like to speak with separate counsel about it. After you have thought it over, the Court will ask whether you have considered the matters that the Court has talked to you about. Then the Court will ask whether you wish to continue being represented by your Current Counsel.

- Would you like court-appointed counsel for the purpose of consulting with you about these conflict-of-interest issues?

- Would you prefer to adjourn today's proceeding until you can give more thought to this matter?

V. Continuation of the *Curcio* Hearing

- After considering all that the Court has said about the ways in which having third parties paying your legal fees may adversely affect your defense, do you believe that it is in your best interest to continue being represented by your Current Counsel?

- Is that your wish?

- Is there anything that the Court has said that you wish to have explained further?

- Do you understand that by choosing to continue being represented by your Current Counsel, you are waiving your right to be represented by an attorney who has no conflict of interest?

- Are you knowingly and voluntarily waiving your right to conflict-free representation?

- Do you agree to waive any post-conviction argument, on appeal or otherwise, that by virtue of having a third party pay your legal fees you were denied effective assistance of counsel?

3