```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
UNITED STATES OF AMERICA,                                        :
                                                                 :
                                                                 :
         -v-                                                     :   22 Cr. 326 (JPC)
                                                                 :
                                                                 :   ORDER
                                                                 :
EDDY ALEXANDRE,                                                  :
                                                                 :
                        Defendant.                               :
                                                                 :
-----------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Defendant Eddy Alexandre is charged with one count of commodities fraud, in violation of 7 U.S.C. §§ 9(1) and 13(a)(5), 17 C.F.R. § 180.1, and 18 U.S.C. § 2, and one count of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. *See* Dkt. 15.[1] Defendant has moved for, *inter alia*, (1) a finding that the CFTC, which also investigated his alleged fraud and initiated civil litigation against him in *Commodity Futures Trading Commission v. Alexandre*, No. 22 Civ. 3822 (VEC) (S.D.N.Y.), and the court-appointed Receiver in that litigation "are part of the prosecution team in this case for the purposes of the prosecutors' discovery obligations," Dkt. 39 ¶ 1, and (2) an order compelling the Government to produce various materials, *id.* ¶ 2, including the communications between the prosecutors and/or the FBI and the CFTC and/or the Receiver on certain topics concerning their respective investigations, Dkt. 40 ("Deft. Br.") at 19; *see also* Dkt. 41-12.

---

[1] Various federal entities are discussed in this Order. To avoid confusion, the Court refers to those entities as follows. The United States of America—as in the party that is prosecuting Defendant—will be referred to as the "Government" or the "prosecutors." The Government's lead criminal investigative agency is the Federal Bureau of Investigation ("FBI"). As discussed herein, the Commodity Futures Trading Commission ("CFTC") also investigated Defendant's conduct and has initiated a civil action against Defendant. Although the CFTC is an agency of the U.S. government, the Court's references to the Government in this Order do not include the CFTC.

Defendant makes two arguments in connection with the Government's coordination with the CFTC and the Receiver.  First, he argues that this coordination rendered those entities part of the prosecution team, thus triggering an obligation on the part of the Government to search the files of the CFTC and the Receiver to satisfy its discovery obligations.  Deft. Br. at 13-18.  Whether the Government's discovery obligations extend to materials in possession of another government agency turns on whether the Government and the other agency conducted a "joint investigation." *United States v. Martoma*, 990 F. Supp. 2d 458, 460 (S.D.N.Y. 2014); *see also United States v. Gupta*, 848 F. Supp. 2d 491, 493 (S.D.N.Y. 2012) ("Where the [United States Attorney's Office] conducts a joint investigation with another state or federal agency, courts in this Circuit have held that the prosecutor's duty extends to reviewing the materials in the possession of that other agency for *Brady* evidence.").  To determine whether a joint investigation occurred, courts conduct a "fact-specific inquiry that is best approached on a case-by-case basis" to analyze the "degree of cooperation between agencies." *United States v. Ferguson*, 478 F. Supp. 2d 220, 238 (D. Conn. 2007) (citing *United States v. Antone*, 603 F.2d 566, 570 (5th Cir. 1979)); *accord Martoma*, 990 F. Supp. 2d at 461.  Relevant factors include the extent to which the other agency "(1) participated in the prosecution's witness interviews, (2) was involved in presenting the case to the grand jury, (3) reviewed documents gathered by or shared documents with the prosecution, (4) played a role in the development of prosecutorial strategy, or (5) accompanied the prosecution to court proceedings." *United States v. Middendorf*, No. 18 Cr. 36 (JPO), 2018 WL 3956494, at *4 (S.D.N.Y. Aug. 17, 2018).

Second, Defendant argues that further discovery is warranted because the inter-agency coordination may have violated his due process rights under *United States v. Kordel*, 397 U.S. 1 (1970), and *United States v. LaSalle National Bank*, 437 U.S. 298 (1978).  Deft. Br. at 19-21.

Federal Rule of Criminal Procedure 16(a)(1)(E) requires the Government to disclose, upon a defendant's request, items "within the government's possession, custody, or control" that are "material to preparing the defense."  It is of course well-settled that criminal and civil authorities may conduct simultaneous investigations of the same matter and cooperate with each other, and further may share information when doing so.  *See United States v. Rhodes*, No. 18 Cr. 887 (JMF), 2019 WL 3162221, at *1, 3 (S.D.N.Y. July 16, 2019); *see also United States v. Fiore*, 381 F. 3d 89, 94 (2d Cir. 2004) ("Where federal administrative and prosecutorial jurisdiction overlap, subsequent criminal investigations are often inseparable from prior civil investigations.")  The Fifth Amendment's Due Process Clause imposes constitutional limitations on that cooperation, however.  *See Rhodes*, 2019 WL 3162221, at *1, 3.

For example, a due process violation may occur if a civil action was brought solely for the purpose of obtaining evidence for a criminal proceeding.  *Kordel*, 397 U.S. at 11-12; *see also Rhodes*, 2019 WL 3162221, at *3.  Thus, the Government may also be obligated to disclose pursuant to Rule 16 materials relevant to the coordination between two investigating agencies so that a defendant may assess whether "the dual investigations infringed his due process rights."  *Id.*  However, "a defendant must 'make a substantial preliminary showing of bad faith before an evidentiary hearing or even limited discovery'" to support a due process motion may occur.  *Id.* at *4 (quoting *United States v. Gel Spice Co.*, 773 F.2d 427, 434 (2d Cir. 1985)).  In applying this standard in *Rhodes*, the Honorable Jesse M. Furman followed the Second Circuit's decision in *Gel Spice*, which concluded that a defendant must make a preliminary showing that prosecutors had used a civil administrative proceeding in bad faith to obtain evidence for a criminal prosecution before the defendant is entitled to an evidentiary hearing or limited discovery.  *Gel Spice*, 773 F.2d at 434.

3

Defendant points to several circumstances in this case that, he argues, reveal that the Government has additional discovery obligations because it conducted a joint investigation with the CFTC and the Receiver, and that the Government's coordination with the CFTC and the Receiver further entitle him to addition discovery to support his anticipated due process motion under *Kordel* and *LaSalle National Bank*. He contends, for example, that:

- the Government and the CFTC filed their Complaints on the same day, Deft. Br. at 14;
- the two charging instruments cite to overlapping evidence and contain similar language, Dkt. 51 ("Deft. Reply") at 2 & n.2, with the criminal Complaint, Dkt. 1, relying explicitly on "a recording that was captured by an investigator for the [CFTC]," Deft. Br. at 5 (quoting Dkt. 1 ¶ 13);
- the CFTC and the Receiver representatives were present during the FBI's search of EminiFX's office, *id.* at 5;
- the FBI and the Receiver "adopted a divide-and-conquer" approach to collecting materials following the search, Deft. Reply at 3;
- the Receiver's team subsequently traveled to Defendant's home to confiscate his personal laptop, Deft. Br. at 6;
- CFTC attorneys attended Defendant's presentment, *id.*;
- the Department of Justice and the CFTC acknowledged and thanked each other in their press releases, *id.*;
- there was an "access grant" between the CFTC and the Government pursuant to which the CFTC shared Defendant's civil discovery requests with the Government, and the prosecutors later relied on those discovery requests to support an application to stay civil discovery, *id.* at 9-10; and

- the Receiver refused to comply with Defendant's discovery requests absent consent from the Government and CFTC, Deft. Reply at 4.

In the alternative, Defendant maintains that the Government "should be required to submit declarations detailing all contact with the CFTC and the Receiver." Deft. Br. at 17-18.

Many of Defendant's coordination allegations do not appear to be in serious dispute, but the Government disagrees with his conclusion that they demonstrate the existence of a joint investigation or any suggestion of improper coordination. The Government characterizes its work with the CFTC and the Receiver in this case as "wholly unremarkable and routine." Dkt. 50 ("Govt. Opposition") at 11-16; 21; *see also, e.g.*, Dkt. 52 ("Oct. 5, 2022 Oral Arg. Tr.") at 26:25, 27:9, 28:14-15, 29:1-2, 30:14, 32:7-8, 33:25, 35:11-23, 37:21-22, 41:16-18. Given that commodities fraud is the sort of conduct that is the proper subject of administrative and criminal investigations, it certainly is true that some degree of coordination between federal prosecutors and agents, on one hand, and the CFTC, on the other hand, should not be surprising or necessarily problematic. The Government further avers that the CFTC's and the Receiver's investigations were conducted entirely independently of the criminal investigation, no joint interviews occurred, neither the CFTC nor the Receiver were involved in the Government's charging decisions, no one from the CFTC or the Receiver was designated a special Assistant U.S. Attorney, neither the CFTC nor the Receiver was privy to the grand jury proceedings or received materials produced therein, neither assisted in executing the search warrant at EminiFX's office or in reviewing the collected evidence, and neither has accompanied the Government to court. Govt. Opposition at 9.

Those representations from the Government, however, come from unsworn statements in its brief or at oral argument. And even at argument the prosecutor was unable to discuss some of

these matters with certainty.² *E.g.*, Oct. 5, 2022 Oral Arg. Tr. at 33:10-25 ("I will give you *my understanding* of the facts. . . . [L]et me tell you what *my current recollection* is. . . . I *think at some point in time* there did come a point where there was awareness of both [investigations] coming across each other. *To my understanding . . . I don't believe* any criminal authority directed anyone at the CFTC to make any recordings or anything like that." (emphasis added)).  Thus, given the contentions cited by Defendant, and the absence of a sworn statement from the Government, the Court concludes that the prudent course is further develop the record through affidavits from the parties.  Indeed, the prevailing practice within this Circuit is to resolve questions of a joint investigation team or requests for additional discovery to support motions alleging due process violations after reviewing affidavits. *See, e.g.*, *United States v. Rhodes*, No. 18 Cr. 887 (JMF), slip op. at 2-3 (S.D.N.Y. June 18, 2019), ECF No. 47 (ordering the Government to submit a supplemental "affidavit—to be reviewed in camera—detailing, with specificity, the nature and extent of any and all communications between the SEC and those involved in the criminal investigation of" the defendant); *United States v. Blaszczak*, No. 17 Cr. 357 (LAK), Transcript of Oral Argument at 70:18-71:4 (S.D.N.Y. Dec. 20, 2017), ECF No. 109; *United States v. Martoma*, No. 12 Cr. 973 (PGG), 2014 WL 31704, at *5-6 (S.D.N.Y Jan 6, 2014); *Gupta*, 848 F. Supp. 2d at 493-94 (deciding a joint investigation question on the basis of government declaration); *United States v. Goffer*, No. 10 Cr. 56 (RJS), slip op. at 1 (S.D.N.Y. July 27, 2010), ECF No. 90; *Ferguson*, 478 F. Supp. 2d at 239-40 (finding no joint investigation based on a declaration and other documents, without an evidentiary hearing); *see also United States v. Rhodes*, No. 18 Cr. 887 (JMF), Transcript of Oral Argument at 12:12-14:4, 33:10-21 (S.D.N.Y. May 16, 2019), ECF No.

---

² This is by no means a criticism.  Rather, the Court appreciates the prosecutor's care to not make statements on the record for which he lacked certainty and may have been inaccurate.  It does, however, demonstrate why further factfinding would be beneficial.

45 (encouraging prosecutors to submit an affidavit).  *But see Middendorf*, 2018 WL 3956494, at *5 (deciding a joint investigation question on the parties' motion papers).  And as Judge Furman noted in *Rhodes*, the Second Circuit in *Gel Spice* applied the substantial preliminary showing standard "only *after* the [agency] had provided declarations explaining the circumstances of the investigation and internal documents for an in camera review." *Rhodes*, 2019 WL 3162221, at *4; *see also id.* (collecting cases where courts "similarly examined declarations from government employees or reviewed evidence in camera before ruling on motions for relief").

Accordingly, by November 15, 2022, the Government shall submit an affidavit or affidavits describing with specificity the nature and extent of the prosecutors' and the FBI's relationship with CFTC and the Receiver during their investigations of Defendant.  Such information should include, but not be limited to:

- the nature of all communications between the Government and/or the FBI, on one hand, and the CFTC and/or the Receiver, on the other hand, concerning their investigations of Defendant, including any communications keeping each other apprised of the status of the investigations;

- whether any interviews were conducted jointly;

- to what extent information was shared by the Government and/or the FBI with the CFTC and/or the Receiver, and vice versa, including whether any grand jury materials were shared with the CFTC and/or the Receiver;

- any investigative actions taken by the CFTC and/or the Receiver at the direction of the Government and/or the FBI, and vice versa; and

- the timing of the commencement of the respective investigations.

Defendant also may submit an affidavit or affidavits on these topics by November 15, 2022. If either party wishes to make any part of their submission *ex parte* and for *in camera* review, they may initially make their filing under seal and *ex parte* along with a written submission explaining why such treatment is appropriate.

    SO ORDERED.

Dated: November 8, 2022
       New York, New York

                                        JOHN P. CRONAN
                                   United States District Judge