```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
UNITED STATES OF AMERICA,                                              :
                                                                       :
                                                                       :
                                                                       :
                -v-                                                    :    22 Cr. 326 (JPC)
                                                                       :
EDDY ALEXANDRE,                                                        :    MEMORANDUM OPINION
                                                                       :         AND ORDER
                               Defendant.                              :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On July 18, 2023, the Court sentenced Defendant Eddy Alexandre principally to a term of imprisonment of 108 months, followed by three years of supervised release, after his guilty plea to commodities fraud, in violation of 7 U.S.C. §§ 9(1), 13(a)(5), 17 C.F.R. § 180.1, and 18 U.S.C. § 2. Dkts. 106 (judgment of conviction), 107 ("Sentencing Tr.") at 108:22-109:1. Defendant is currently incarcerated at Allenwood Low FCI, with a projected release date of February 18, 2031. *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Apr. 4, 2024).

On or about April 4, 2024, Defendant filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), seeking a reduction of his sentence in light of Amendment 821 to the United States Sentencing Guidelines, which went into effect on November 1, 2023. Dkt. 117 ("Motion"). Defendant argues that, "[a]fter reviewing the records, [he] believes this amendment will result in a reduction of his sentence," because it would result in a "new sentencing range" of "87 to 108 months." *Id.* at 1-2.

Title 18, United States Code, Section 3582(c)(2) provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to

the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Pursuant to Section 1B1.10(b)(1) of the Guidelines, "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" pursuant to Amendment 821, the Court first "shall determine the amended guideline range that would have been applicable to the defendant if" Amendment 821 "had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). Section 1B1.10(b)(2)(A) then provides that, with an exception not relevant here, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." *Id.* § 1B1.10(b)(2)(A). Thus, if a defendant was originally sentenced to a term of imprisonment that falls below the low end of the amended Guidelines range, that defendant is ineligible for a reduction under Section 3582(c)(2). *See, e.g.*, *United States v. Young*, 998 F.3d 43, 46 n.1 (2d Cir. 2021).

Defendant is ineligible for a reduction in his sentence pursuant to Amendment 821. As relevant here,[1] Amendment 821 added U.S.S.G. § 4C1.1, which provides a two-point offense level reduction for certain so-called "zero-point offenders," *i.e.*, defendants who have no criminal history points under Chapter Four, Part A, of the Guidelines. Although Defendant had no criminal

---

[1] Defendant also cites the provision of Amendment 821 that modified the calculation of "status points" under U.S.S.G. § 4A1.1. Motion at 1. Amendment 821 struck the former "status points" provision, which had been at Section 4A1.1(d), and replaced it with language, now at Section 4A1.1(e), which instructs that, in calculating a defendant's criminal history, a court must:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254, 28,270 (effective Nov. 1, 2023); *accord* U.S.S.G. § 4A1.1(e). At sentencing, however, the Court determined that Defendant had no criminal history points, and thus did not increase his criminal history points based on such "status points." Sentencing Tr. at 42:21-23.

history points prior to the offense giving rise to his current incarceration, *see* Sentencing Tr. at 42:21-23; Dkt. 112 ("PSR") ¶¶ 49-52, he is ineligible for a reduction in his sentence. At sentencing, Defendant's offense level was 37 and his Criminal History Category was I, which normally would yield a Guidelines range of 210 to 262 months' imprisonment, but for Defendant resulted in an effective Guidelines range of 120 months' imprisonment on account of the statutory maximum term of imprisonment for the offense of conviction. *See* Sentencing Tr. at 42:24-43:4; *accord* PSR ¶¶ 35-48, 94; *see* 7 U.S.C. § 13(a)(5). Had Amendment 821 been in effect at the time of sentencing, it appears that Defendant's offense level would have been 35 (because he appears to qualify for the adjustment in U.S.S.G. § 4C1.1). Assuming an offense level of 35 with a Criminal History Category of I, Defendant's Guidelines range normally would have been 168 to 210 months' imprisonment, but would have resulted in an effective Guidelines range of 120 months' imprisonment, again because of the statutory maximum sentence for the offense of conviction. Defendant's sentence of 108 months' imprisonment fell below that range.

Accordingly, Defendant's motion for a sentence reduction is denied. The Clerk of Court is respectfully directed to close the motion at Docket Number 117 and to mail a copy of this Memorandum Opinion and Order to:

> Eddy Alexandre
> Reg. No. 00712-510
> Allenwood Low FCI
> Federal Correctional Institution
> P.O. Box 1000
> White Deer, PA 17887

SO ORDERED.

Dated: April 4, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge