

EMIL BOVE
Emil.Bove@blanchelaw.com
(212) 716-1250

July 2, 2024

<u>Via Email</u>
Honorable John P. Cronan
United States District Judge
Southern District of New York
New York, New York 10007

  Re: <u>United States v. Alexandre, No. 22 Cr. 326 (JPC)</u>

Dear Judge Cronan:

  I respectfully submit this letter in response to the most recent *pro se* motions filed by Mr. Alexandre, which were docketed on June 17, 2024. Dkt. Nos. 121-22. For the reasons set forth below, both motions should be denied as moot.

  Regarding the *pro se* submission styled as a "Motion To Relieve Counsel On Record Of His Duties Because Of A Conflict Of Interest," Dkt. No. 121, the docket confirms that this matter is closed following the entry of final judgment on July 25, 2023. In contrast, on February 14, 2024, I filed a motion to withdraw as counsel in *CFTC v. Alexandre, et ano.*, No. 22 Civ. 3822 (VEC) ("*CFTC*"), Dkt. No. 257, because that case is ongoing. While it does not appear that formal withdrawal is necessary with respect to this concluded criminal case, for the avoidance of doubt, I confirm that I no longer represent Mr. Alexandre in proceedings related to this case, including in the potential § 2255 motion referenced in his recent submission.

  Regarding the *pro se* submission styled as a "Motion To Compel Attorney To Surrender The Case File In No. 22-cr-326 (JPC)," Dkt. No. 122, I am in compliance with my obligations to Mr. Alexandre, as are my former co-counsel.

  By way of background, after the conclusion of this case, in September 2023, I moved from CSG Law to Blanche Law PLLC. At the time, I still represented Mr. Alexandre in the CFTC case. Following my withdrawal from the CFTC case for unrelated reasons in February 2024, I turned over files in my possession relating to that separate matter. *See CFTC* Dkt. No. 281 (March 20, 2024 letter describing case-file transfer). As a result, Judge Caproni found that "Mr. Bove has adequately satisfied his responsibilities to transfer his case files in this matter." *CFTC* Dkt. No. 282. On June 18, 2024, a *pro se* application by Mr. Alexandre in the CFTC matter was docketed, which is similar to the motion to compel filed at Docket Number 122 in this case. *CFTC* Dkt. No. 342. On July 1, 2024, Judge Caproni denied the motion. *CFTC* Dkt. No. 351.

  While I represented Mr. Alexandre at CSG Law, we maintained separate matters for this case and the CFTC enforcement action. The vast majority of my work on behalf of Mr. Alexandre at CSG Law focused on this case—especially after Judge Caproni stayed the CFTC action on September 2, 2022. *CFTC* Dkt. No. 160. The discovery from the U.S. Attorney's Office in this

July 2, 2024
Page 2

case was subject to a protective order, which required that those materials be used "solely for purposes of defending this action." Dkt. No. 19 ¶ 1. I understand from the government and the court-appointed Receiver in the CFTC action that the discovery materials contain particularly sensitive victim information for which even inadvertent unauthorized disclosure could result in further harm caused by third parties unrelated to Mr. Alexandre. I am in compliance with the Court's protective order, as are my former co-counsel.

Shortly after Mr. Alexandre's *pro se* submissions were docketed in this case, I communicated with my former co-counsel. Based on those communications, I understand that CSG Law has identified materials that are not subject to the Court's protective order relating to this case and the CFTC matter, which consist of approximately 4,000 pages of pleadings, draft work papers, memoranda, correspondence, and emails. I have not reviewed those materials but, consistent with my focus on this case while at CSG Law, I expect that most of the substantive materials relate to this case. I understand that CSG Law is willing to transfer those materials to Mr. Alexandre notwithstanding the lien on the materials that arguably arises from the fact that there are unpaid legal fees Mr. Alexandre still owes CSG Law. By letter dated June 18, 2024, *i.e.*, the day after Mr. Alexandre's most recent *pro se* submissions were docketed, CSG Law mailed a letter to Mr. Alexandre to facilitate the transfer of those materials to the facility where he is incarcerated. We will inform the Court when that transfer has been completed. Accordingly, for the foregoing reasons, Mr. Alexandre's motion to compel should be denied as moot.

Respectfully Submitted,

*/s/ Emil Bove*
Emil Bove
Blanche Law PLLC

Cc: Counsel of Record
(Via ECF)

David Castleman
(Via Email)

Melissa Wernick
(Via Email)

Eddy Alexandre/00712-510
FCC Allenwood-Low
P.O. Box 1000
White Deer, PA 17887
(Via Regular Mail)