Eddy Alexandre / 00712-510
FCC Allenwood-LSCI
P.O. Box 1000
White Deer, PA 17887

July 8, 2024

Via Regular U.S. Mail
Honorable John P. Cronan
United States District Judge
Southern District of New York
New York, New York 10007

Attn.: Reply to Mr. Bove's request to DENY Motion to Compel as moot

Re: US V. Alexandre No. 22 Cr. 326 (JPC)

Dear Judge Cronan:

    I write in response to attorney Emil Bove ("Mr. Bove"), requesting a permissive withdrawal which I support as part my alternative element in my WHEREFORE clause in the Motion to relieve counsel of his duties or allow him a permissive withdrawal. He further requested to Deny as moot the Motion to compel him to transfer the case file because the day after the motion was docketed, he made efforts to communicate with his former co-counsel at CSG Law who sent a letter to my attention on June 18, 2024, received on June 21, 2024 to satisfy the duties of transferring the client files over on his behalf. I deeply wish he had done that in February 2024.

    I must bring to your attention a couple counterpoint to his assertions. Mr. Bove as an officer of the court is well aware of the damages and negative impact of the hindrance of not providing a case file to a client engaged in the pursuit in justice. I am equally surprised that the used the client fee balance as a reason why he believes the case file should not have been provided but never provided a reason for the neglect of four months ignoring certified requests after requests as if he owes his client no duty of case file transfer. It's remarkable that Mr. Bove does not dispute the facts proffered in support of the Motion to Compel.

    Mr. Bove further pointed to the decision by Judge Caproni who declared that she is satisfied that Mr. Bove accomplished his duties in transferring all the case files to my care contrasting in strong opposition to what CSG Law admitted as "not" yet transferred and willing to transfer. The order from Judge Caproni is not supported by the facts before you, and I will file a motion to reconsider to set the records straight. Why would Mr. Bove try to influence your judgement with Honorable Judge Caproni's order? Because he knows that you will read and pay attention to the details. He told me that repeatedly during his representation. Hence, he did not even need to file a response to Judge Caproni to get her backing... But he knows you will rule on the facts before you and responded to your docket instead.

    I would like to bring to the Court's attention that CSG law firm is not the one bringing that claim to the court's attention but Mr. Bove insinuating that the reason why he ignored his client's request for over four(4) months ignoring certified mails is because he is holding on the client's case file for there is a balance on record. I would like to raise a couple of ethical issues with Mr. Bove's assertions, while making sure to underline that these are not appropriated to CSG but to Mr. Bove alone.

-"The failure of a client to pay attorney fees is not a valid reason for the attorney to demand payment as condition of releasing the file to the client.
-A client's file belongs to the client. Upon request, the attorney must return the file to the client even if fees are outstanding (i.e., unpaid.)" (Statsky, 2021)

"The file is the property of the client, and in most states the file must be surrendered by the attorney when the client requests it, even if there are unpaid bills for fees and expenses. If the attorney has a claim for payment, the remedy is to sue the client for breach of contract; it is unethical for the attorney to hold the file hostage to ensure payment." (Statsky, 2021)

This Court has held in the past that "non-payment of legal fees, without more, is not usually sufficient basis to permit attorney to withdraw from representation" let along seizing the case file for fees. See US v. Vilar, 731 F3d 255 (2nd Cir. 2013). Therefore, there is no need to bring a legal fees balance as an argument for ignoring my certified letters over the four months preceding my motion to compel. Since Mr. Bove did not argue the facts supported by the exhibits and the Certificate of Declaration, I would like to request that the Court maintain a control over the delivery of the case file until completion.

As an experience attorney, Mr. Bove is in a better position to know these ethical canons and should be mindful of these assertions as a response to his neglect and failure for answering his client's requests as documented by ignored certified letters over four (4) months from February to June until the filing of a motion to compel him to surrender the file. Case in point, shortly after the docketing of the motion, on June 17, 2024, Mr. Bove stated that he communicated with his former co-counsel and based on those communications, he understands that CSG Law has identified materials that are not subject to the Court's protective order relating to this case and the CFTC matter. Subsequently after he reached out, a letter was sent on June 18, 2024 in response to the motion offering information about the case file and working towards transferring the case file.

His attempt to stall my access in getting the case file has significantly hurt my ability to review the case file before the deadline to submit my 2255 motion to vacate my criminal sentence on July 18, 2024 which is days away from the submission of his letter, which is what I attempted to avoid months in advance to avoid that unfortunate chain of events. The damage is significant and its impact unknown at this present moment. As an officer of the Court and a trial lawyer, he is well placed to know the extent of the harm caused by ignoring my renewed efforts to gain access to the case file to prepare and mount a proper defense for my criminal case.

This all could have been avoided, but now I need the supervision of the Court to ensure that the files are in fact transferred to avoid further neglect.

I hereby re-allege all the claims submitted in the Motion to Compel and incorporate them herein by reference, inter alia, the affidavits and exhibits proffered as proof of the alleged conduct and the signed "Certificate of Declaration" Dkt. Nos. 121-122.

Respectfully Submitted,

/s/ Eddy Alexandre

Eddy Alexandre, pro se
FCC Allenwood-Low
P.O. Box 1000
White Deer, PA 17887

cc: Mr. Emil Bove
Blanche Law PLLC
99 Wall Street, Suite 4460
New York, NY 10005

UNITED STATES DISTRICT COURT
SOUTHERN DISCTRICT OF NEW YORK

Eddy Alexandre
    Petitioner
        V.

UNITED STATES OF AMERICA
    Respondent

Case No. 22-CR-326(JPC)
Hon. Judge John P. Cronan
District Judge

CERTIFICATE OF SERVICE

I hereby declare under the penalty of perjury, pursuant to 28 U.S.C § 1746; 18 U.S.C § 1621, that on this date I caused a true and complete copy of the attached _Letter in Response to Mr. Bove's request to DENY MOTION TO COMPEL (AS MOOT_

to be served, in placing same in a sealed envelope and routing it for mailing via First-class United States mail service, with postage thereon fully prepaid, and depositing same in this institution's internal mail system. I am an inmate confined in an institution. The FCC Allenwood-Low has a system designated for legal mail.

A true copy thereof was served upon the following interested party/ies:

1- Mr. EMIL BOVE Blanche law PLLC 99 wall street Suite 4460 New york NY 10005
2- The Clerk of Court Hon. Judge Cronan US Courthouse 500 Pearl St. New york NY 10007
3- Melissa F. Wernick 105 Eisenhower Parkway, Roseland, NJ 07068
4- David Castleman / OTTERBOURG 230 Park Avenue New york, NY 10169
5- _____
6- _____
7- _____

DATED: 07/08/2024

Eddy Alexandre, pro se
Reg. No.: 00712-510
FCC Allenwood-Low
P.O. Box 1000
White Deer, PA 17887

Eddy Alexandre
Reg. No. 00712-510
FCC Allenwood-Low
P.O. Box 1000
White Deer, PA 17887
LEGAL-MAIL

LEGAL MAIL

RECEIVED
JUL 11 2024
CLERK'S OFFICE
S.D.N.Y.



⇔00712-510⇔
The Clerk Of Court
US DIST Court-Sdny
500 Pearl ST
NEW YORK, NY 10007
United States

(JPC)

Criminal